**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X     **Docket No.**   23-cv-517
ENGELS COCA,

<em>Plaintiff</em>,

     -against-

MERCER STREET HOSPITALITY, LLC, 142
MERCER STREET LLC *d/b/a* LURE FISHBAR,
COSETTE RICHARDSON, *In Her Individual*
*and Official Capacities,* DAWN "DOE" (Last
Name Unknown), *In Her Individual and Official*
*Capacities,* and RICHARD MALIJAN, *In His*
*Individual and Official Capacities*,

<em>Defendants.</em>

-------------------------------------------------------------X

**COMPLAINT**


**JURY TRIAL**
**DEMANDED**

    PLAINTIFF ENGELS COCA, by PLAINTIFF'S attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the DEFENDANTS, upon information and belief, as follows:

**NATURE OF THE CASE**

1.    PLAINTIFF ENGELS COCA complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, *42 U.S.C.* §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the <u>New York State Human Rights Law</u>, <u>New York State Executive Law</u> §296, <u>et. seq.</u> ("NYSHRL"), and the <u>New York City Human Rights Law</u>, <u>New York City Administrative Code</u> § 8-107, <u>et seq.</u> ("NYCHRL") and seeks damages to redress the injuries PLAINTIFF has suffered because of being **discriminated against** based on PLAINTIFF'S Sex/Gender, Gender Identity, and/or Gender Expression.

2.    PLAINTIFF ENGELS COCA applied for employment with DEFENDANTS, MERCER STREET HOSPITALITY, LLC and 142 MERCER STREET LLC d/b/a LURE FISHBAR.

3.     PLAINTIFF ENGELS COCA was discriminated against by DEFENDANTS', MERCER STREET HOSPITALITY, LLC and 142 MERCER STREET LLC d/b/a LURE FISHBAR, Front of House Managers DEFENDANTS, COSETTE RICHARDSON and DAWN "DOE" (Last Name Unknown).

4.     PLAINTIFF ENGELS COCA applied for a "Host" Position at  DEFENDANTS, MERCER STREET HOSPITALITY, LLC and 142 MERCER STREET LLC d/b/a LURE FISHBAR, and met with Front of House Manager DEFENDANT COSETTE RICHARDSON.

5.     When PLAINTIFF ENGELS COCA entered DEFENDANT LURE FISHBAR, not only did Front of House Manager DEFENDANT DAWN "DOE" (Last Name Unknown) intentionally misgender PLAINTIFF ENGELS COCA, but when PLAINTIFF'S meeting occurred with Front of House Manager DEFENDANT COSETTE RICHARDSON, she also informed PLAINTIFF ENGELS COCA that DEFENDANTS, MERCER STREET HOSPITALITY, LLC and 142 MERCER STREET LLC d/b/a LURE FISHBAR, would not be able to accommodate PLAINTIFF ENGELS COCA'S non-binary status.

6.     DEFENDANT COSETTE RICHARDSON continued that DEFENDANTS, MERCER STREET HOSPITALITY, LLC and 142 MERCER STREET LLC d/b/a LURE FISHBAR, have no plans on changing their discriminatory work environment and actually nurtures same.

7.     In response, PLAINTIFF ENGELS COCA immediately complained to DEFENDANTS', MERCER STREET HOSPITALITY, LLC and 142 MERCER STREET LLC d/b/a LURE FISHBAR'S, Human Resources Department – specifically to DEFENDANT RICHARD MALIJAN.

8.      Despite PLAINTIFF ENGELS COCA'S concerns, as of the date of this Complaint, DEFENDANTS did not offer PLAINTIFF employment and refused to hire PLAINTIFF by virtue of PLAINTIFF ENGELS COCA'S Sex/Gender, Gender Identity, and/or Gender Expression and due to PLAINTIFF'S engagement in protected activities.

9.      PLAINTIFF ENGELS COCA brings this action charging that COLLECTIVE DEFENDANTS, collectively and/or individually, subjected PLAINTIFF ENGELS COCA to discrimination and retaliation, including failure/refusal to hire, on the basis of PLAINTIFF ENGELS COCA'S Sex/Gender, Gender Identity, and/or Gender Expression in violation of federal, state and city laws.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

10.     Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§1331 and 1343.

11.     The Court has supplemental jurisdiction over the claims that PLAINTIFF has brought under State and City law pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more DEFENDANTS reside within the Southern District of New York or the acts complained of occurred therein.

13.     By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 22, 2022; (b) receiving a Notice of Right to Sue from the EEOC on or about December 2, 2022; and (c) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative

Code, PLAINTIFF has satisfied all of the procedural prerequisites for the commencement of the instant action.

14.  A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## **PARTIES**

15.  **PLAINTIFF ENGELS COCA (hereinafter "PLAINTIFF")** is a Non-Binary Individual who does not identify with any pronouns. PLAINTIFF'S preferred name is Engels.

16.  At all times relevant, PLAINTIFF was applying for employment at **DEFENDANTS, MERCER STREET HOSPITALITY, LLC and 142 MERCER STREET LLC d/b/a LURE FISHBAR**.

17.  **DEFENDANT MERCER STREET HOSPITALITY, LLC (hereinafter, "DEFENDANT MERCER STREET HOSPITALITY")** is a Domestic Limited Liability Company and operates under the laws of the State of New York.

18.  **DEFENDANT MERCER STREET HOSPITALITY** has more than 15 employees.

19.  **DEFENDANT 142 MERCER STREET LLC d/b/a LURE FISHBAR (hereinafter, "DEFENDANT 142 MERCER STREET")** is a Limited Liability Company and operates under the laws of the State of New York.

20.  **DEFENDANT 142 MERCER STREET** has more than 15 employees.

21.  Upon information and belief, **DEFENDANTS, MERCER STREET HOSPITALITY and 142 MERCER STREET** (hereinafter, together as "**DEFENDANT LURE FISHBAR**"), were potential "joint employers" of PLAINTIFF in that PLAINTIFF would have worked under the supervision, management, and control of the **DEFENDANT LURE FISHBAR**. Upon information and belief, **DEFENDANTS, MERCER STREET**

**HOSPITALITY and 142 MERCER STREET,** share personnel and human resource functions. **DEFENDANTS, MERCER STREET HOSPITALITY and 142 MERCER STREET,** manage its personnel policies in all respects and the individuals about which PLAINTIFF complains herein were each employed by the **DEFENDANT LURE FISHBAR**.

22.    Upon information and belief, DEFENDANT LURE FISHBAR owns and/or operates a location at 142 Mercer Street, New York, New York 10012, where the discriminatory conduct took place.

23.    Upon information and belief, **DEFENDANT COSETTE RICHARDSON (hereinafter, "DEFENDANT RICHARDSON")** was/is a "Front of House Manager" for DEFENDANT LURE FISHBAR, and would have had the authority to hire, fire, or affect the terms and conditions of PLAINTIFF'S employment, or to otherwise influence the decision-maker of same. **DEFENDANT RICHARDSON** is being sued herein in her individual and official capacities.

24.    Upon information and belief, **DEFENDANT DAWN "DOE" (Last Name Unknown) (hereinafter, "DEFENDANT DAWN")** was/is a "Front of House Manager" for DEFENDANT LURE FISHBAR, and would have had the authority to hire, fire, or affect the terms and conditions of PLAINTIFF'S employment, or to otherwise influence the decision-maker of same. **DEFENDANT DAWN** is being sued herein in her individual and official capacities.

25.    Upon information and belief, **DEFENDANT RICHARD MALIJAN (hereinafter, "DEFENDANT MALIJAN")** was/is a "Human Resources Employee" for DEFENDANT LURE FISHBAR, and would have had the authority to hire, fire, or affect

the terms and conditions of PLAINTIFF'S employment, or to otherwise influence the decision-maker of same. **DEFENDANT MALIJAN** is being sued herein in his individual and official capacities.

26.     **DEFENDANTS, RICHARDSON, DAWN, and MALIJAN,** are collectively referred to herein as "**INDIVIDUAL DEFENDANTS**."

27.     **DEFENDANTS, LURE FISHBAR, RICHARDSON, DAWN, and MALIJAN,** are collectively referred to herein as "**LURE DEFENDANTS**."

<u>**FACTUAL ALLEGATIONS**</u>

28.     In or around early November 2021, PLAINTIFF applied for employment and/or an available Host position at DEFENDANT LURE FISHBAR.

29.     On or about Monday, November 29, 2021, DEFENDANT RICHARDSON called PLAINTIFF to invite PLAINTIFF to interview for the host position.

30.     Later that day, DEFENDANT RICHARDSON emailed PLAINTIFF and inquired into PLAINTIFF'S availability to interview for a "Host" position at DEFENDANT LURE FISHBAR in New York City.

31.     On or about Sunday, December 5, 2021, PLAINTIFF responded with interest in the position and provided PLAINTIFF'S availability for an interview.

32.     PLAINTIFF also provided PLAINTIFF'S availability to work and indicated that PLAINTIFF lived within walking distance of DEFENDANT LURE FISHBAR.

33.     On or about Thursday, December 9, 2021, PLAINTIFF arrived for what PLAINTIFF thought would be an interview with DEFENDANT RICHARDSON.

34.     When PLAINTIFF entered DEFENDANT LURE FISHBAR, PLAINTIFF was greeted by DEFENDANT DAWN.

35. In the process of leading PLAINTIFF to where PLAINTIFF was to meet with DEFENDANT RICHARDSON, DEFENDANT DAWN repeatedly misgendered PLAINTIFF by calling PLAINTIFF "*Mr*." and "*Sir*."

36. Despite PLAINTIFF clearly correcting DEFENDANT DAWN'S misgendering and informing DEFENDANT DAWN that misgendering a non-binary individual is a violation of Federal, State, and City laws, DEFENDANT DAWN continued to misgender PLAINTIFF.

37. DEFENDANT DAWN'S misgendering of PLAINTIFF appeared to be intentional and DEFENDANT DAWN appeared annoyed at being asked to respect PLAINTIFF'S gender identity.

38. During PLAINTIFF'S meeting with DEFENDANT RICHARDSON, PLAINTIFF asked who the worker that greeted PLAINTIFF was.

39. DEFENDANT RICHARDSON informed PLAINTIFF that DEFENDANT DAWN would be PLAINTIFF'S manager and PLAINTIFF would be working with DEFENDANT DAWN.

40. At this point, PLAINTIFF complained that DEFENDANT DAWN misgendered PLAINTIFF multiple times and PLAINTIFF was offended.

41. PLAINTIFF then engaged in further discussions with DEFENDANT RICHARDSON about PLAINTIFF'S right to gender expression. However, DEFENDANT RICHARDSON was unmoved.

42. When PLAINTIFF demanded that PLAINTIFF'S gender expression rights be respected, DEFENDANT RICHARDSON told PLAINTIFF (in no uncertain terms) that DEFENDANT LURE FISHBAR was ***"probably not the right company for"***

PLAINTIFF.

43.    DEFENDANT RICHARDSON also informed PLAINTIFF that DEFENDANT DAWN was older and did not want to, nor would she, respect or recognize anything other than clear binary gender assignments.

44.    DEFENDANT RICHARDSON continued that, because PLAINTIFF was non-binary, no one at DEFENDANT LURE FISHBAR will respect PLAINTIFF'S pronouns or gender identity, PLAINTIFF was probably not a good fit for the position.

45.    DEFENDANT RICHARDSON continued that DEFENDANT LURE FISHBAR nurtured a discriminatory culture and was not going to change nor did DEFENDANT LURE FISHBAR want to change.

46.    DEFENDANT RICHARDSON was clear that DEFENDANT LURE FISHBAR did not enforce gender expression or gender identity laws and did not require their employees to do so either.

47.    Because PLAINTIFF insisted that PLAINTIFF'S gender identity should be respected in accordance with the law(s), DEFENDANTS lost interest in employing PLAINTIFF.

48.    DEFENDANT RICHARDSON then told PLAINTIFF that DEFENDANT LURE FISHBAR had a previous employee that resigned because the employee was constantly misgendered by the other employees.

49.    According to DEFENDANT RICHARDSON, the employee that resigned became frustrated at DEFENDANTS', their employees', agents' and representatives' constant refusal to respect the employees' gender identity.

50.    After disparaging PLAINTIFF based on PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression, DEFENDANT RICHARDSON asked PLAINTIFF to leave without

formally interviewing PLAINTIFF and without allowing PLAINTIFF to fill out the internal application for employment.

51.   DEFENDANTS immediately refused to consider PLAINTIFF for employment due to PLAINTIFF'S engagement in protected activity.

52.   PLAINTIFF left DEFENDANT LURE FISHBAR extremely humiliated and confused at DEFENDANTS' outright willingness to disobey the law(s).

53.   PLAINTIFF left DEFENDANT LURE FISH BAR without being given the opportunity to reasonably apply for the available host position, due to PLAINTIFF'S engagement in protected activity.

54.   Later that day, PLAINTIFF emailed DEFENDANT MALIJAN, a Human Resources Employee for DEFENDANT LURE FISHBAR, and complained about discrimination based on PLAINTIFF'S Sex/Gender, Gender Identity and Gender Expression:

55.   Specifically, by email, dated December 9, 2021, PLAINTIFF wrote:

> Hello Richard,
>
> I was invited for an interview at Lure Fish bar in NYC , I was misgendered more than once by Dawn FOH manager and Cosette FOH manager also mentioned that you previously had an employee resigning because that employee was constantly misgendered by other employee[s]. I was also told that due to the fact that I demanded my rights to be respect as they all should , Cosette told me that Lure fish bar was probably not the right company for me because I am non binary and nobody will respect my pronouns or gender identity and Cosette mentioned that thise the company nurtures a discriminatory culture and isn't going to change or wants to change.
>
> In case you are not familiar with the law please take some time to read the below information about pronouns, examples of violations, etc and would like to hear from you the reason why I was discriminated against and the reason why I was told I was not the right candidate because I am non binary and demanded you respected my legal rights.

Once we have a first initial conversation over the phone or by email we can discuss further before I take further actions

Engels

56.    PLAINTIFF thereby placed LURE DEFENDANTS on further notice of the discriminatory conduct engaged in by DEFENDANTS, RICHARDSON and DAWN.

57.    On or about Monday, December 13, 2021, DEFENDANT MALIJAN  responded:

Dear Engels,

Good morning. I hope you enjoyed your weekend.

In reply to your email, please know that we take your claims very seriously. Lure not only respects gender identity and expression, we strive to be inclusive and understanding of all employees' individual gender and sexual preferences. We have always worked to maintain a positive work environment that cultivates respectful and dignified treatment of all employees. All Lure employees are trained and are subject to our Workplace Harassment Policies, including gender identity and orientation. Lure does not tolerate harassment perpetuated by any individual.

Please know that both HR and our legal have been investigating the matter throughout the weekend. I've copied our legal representative, Anthony A. LoPresti. Please feel free to reach out to him. Anthony has a long history of representing the LGBTQ+ community, and one of his cases even helped expand gender identity protections in New York City under NYCHRL. He has guided our business for years.

As a preliminary reply to your 12/9 email, please note we believe you may have misunderstood Cosette. Her concerns were that as a host, in a high traffic position exposed to many incoming customers, you may be exposed to guests that misgender or misidentify you - not our employees. Our employees are well trained to respect individual rights. But we can't always control how guests refer to our host. For that reason, she was concerned for you.

We are continuing our investigation. If you have any other information to add, please contact Anthony.

Thank you for bringing your concerns to us. Please be patient while we continue to investigate.

Thank You.
Richard Malijan

58.    In response, DEFENDANT MALIJAN feigned respect of PLAINTIFF'S concerns, before defending DEFENDANT RICHARDSON'S clearly discriminatory conduct.

59.    DEFENDANT MALIJAN also immediately involved their counsel, Anthony A. LoPresti, Esq., to respond to PLAINTIFF'S complaint of discrimination.

60.    Later that day, PLAINTIFF replied:

Only thing to say at this very moment is that saying to a candidate "if you are non binary and take everything personally then this is not the right place for you" is discrimination. Your manager's mistake was to give away extra information and saying a little bit too much and trying to shield a "manager" (Dawn) with an old fashion mentality that apparently does not want to respect and oblige the law when it comes misgendering at work is beyond what I expected during an interview.

You are self proclaiming to be X, Y, Z when the only thing factual is the culture at work and as company does promote is a discriminatory, toxic, hostile, negative environment that provides an unsafe space for non binary, trans and queer people and this is the main reason why I was faced with resistance during the exchange of words between myself and your managers! The perfect example is the one given by Cosette: "A former employee constantly misgendered and called names by guest and employees that felt frustrated enough to the point they resigned" .

Must be clarified that every person, company, entity, etc does hold liability when it comes to the laws I shared with you and the liability does not only applies to businesses.

I am absolutely disgusted and felt humiliated by the whole negative discriminatory experience within your premises.

Looking forward to discuss further with your legal representative!

Regards,
Engels

61.     In response, Mr. LoPresti told PLAINTIFF:

        Mx. Coca,

        Please feel free to contact me directly.

        While our investigation does not comport at all with your
        recollection of events, my client remains open to your concerns.

        What is it exactly you would want my client to do at this point to
        address your concerns?

        Please advise.

62.     PLAINTIFF immediately replied:

        I believe you are still investigating, so I would like to wait until the
        outcome of the investigation but your manager should not have
        [ever] discriminated against me and you will of course not hold
        your client accountable for any wrongdoing because the last thing
        you want your client to have is LIABILITY !

63.     PLAINTIFF clearly indicated that PLAINTIFF wanted a full and thorough investigation

        into PLAINTIFF'S concerns before discussing the matter further.

64.     Soon thereafter, Mr. LoPresti responded:

        Mx. Coca,

        Of course. I'll circle back when the investigation is complete.

        In the meanwhile, if you have further information, feel free to
        bring it to my attention.

65.     Despite being told that PLAINTIFF did not receive a fair chance at the meeting at

        DEFENDANT LURE FISHBAR, PLAINTIFF was not offered the opportunity to take or

        complete PLAINTIFF'S interview.

66.     PLAINTIFF was not offered employment at DEFENDANT LURE FISHBAR.

67.     PLAINTIFF was not offered any opportunity to reasonably complete any application

process.

68.  PLAINTIFF was denied equal: benefits, terms/conditions of interview, treatment, opportunities for employment at DEFENDANT LURE FISHBAR due to PLAINTIFF'S gender, gender expression, gender identity and engagement in protected activities.

69.  On or about Monday, January 31, 2022, PLAINTIFF emailed Mr. LoPresti and stated:

> You asked me what you can do for me. I don't know what to tell you. I wanted a job and that is why I went to Lure in the first place, to interview. I raised concerns about my gender and gender identity and as a result, I was not interviewed or even offered a chance to interview. I was walked out the door after being told that this was not the place for me. I was humiliated by Lure.
>
> I do not know what to tell you as far as what I want. I just wanted to be respected and to have the same opportunities at Lure that everyone else gets. If you have any suggestions as to what can be done, I am listening.

70.  On or about February 15, 2022, PLAINTIFF followed up with Mr. LoPresti regarding his investigation into PLAINTIFF'S complaint.

71.  As of the date of this Complaint, LURE DEFENDANTS did not provide PLAINTIFF any fair opportunity for employment, nor did LURE DEFENDANTS provide PLAINTIFF with an update on its investigation into PLAINTIFF'S complaint.

72.  LURE DEFENDANTS, collectively and individually, refused to accommodate PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

73.  LURE DEFENDANTS wrongfully misgendered PLAINTIFF during PLAINTIFF'S (attempted) interview.

74.  PLAINTIFF complained to DEFENDANT LURE FISHBAR about discrimination against PLAINTIFF on the basis of PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

75.    LURE DEFENDANTS wrongfully refused to provide PLAINTIFF a position in retaliation for PLAINTIFF'S complaints of unlawful discrimination on the basis of PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

76.    DEFENDANTS had no good faith business justification for their conduct against PLAINTIFF.

77.    As a result of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and caused emotional distress.

78.    As a result of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, the loss of a salary, loss of employment and employment opportunities, loss of potential employment with other employers, loss of bonus, loss of benefits, loss of time and other compensation which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, stress, anxiety, loss of enjoyment of life, and other non-pecuniary losses.

79.    LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

80.    As such, of time and other compensation which such employment entails, and PLAINTIFF demands punitive damages as against all LURE DEFENDANTS, jointly and severally.

### AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION
### UNDER TITLE VII
### (*Against DEFENDANT LURE FISHBAR*)

81.    PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named DEFENDANT LURE FISHBAR. PLAINTIFF complains of DEFENDANT LURE FISHBAR'S violation of Title VII's prohibition against discrimination in hiring and employment-based, in whole or in part, upon an employee's Sex/Gender, Gender Identity, and Gender Expression.

83.   DEFENDANT LURE FISHBAR engaged in unlawful employment practices prohibited by 42 U.S.C. §§2000e *et seq.*, by discriminating against PLAINTIFF because of PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

84.   PLAINTIFF was the victim of outright discrimination, retaliation and other unlawful acts by LURE DEFENDANTS, based on PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

85.   PLAINTIFF, who is a Non-Binary Individual who does not identify with any gender, was refused employment, humiliated, verbally abused and then retaliated against for engaging in protected activities.

86.   But for the fact that PLAINTIFF is a Non-Binary Individual who does not identify with any gender, LURE DEFENDANTS would have moved forward with PLAINTIFF'S employment.

87.   Upon information and belief, LURE DEFENDANTS routinely hire individuals who identify with a specific gender (more so the gender the individual was born with).

88.   PLAINTIFF complained of discrimination to LURE DEFENDANTS and then escalated PLAINTIFF'S complaint to DEFENDANT LURE FISHBAR'S Human Resources department. No action was taken by any DEFENDANT to prevent the wrongful discrimination against PLAINTIFF.

89.   Instead, LURE DEFENDANTS, continued to retaliate against PLAINTIFF and refused

PLAINTIFF employment.

90.   LURE DEFENDANTS had no good faith business justification for any of their actions

alleged herein.

91.   As a result of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated,

degraded, victimized, embarrassed, and emotionally distressed.

92.   Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of

income, loss of employment, loss of employment opportunities, the loss of a salary,

special damages, loss of benefits, inconvenience and other compensation, which such

employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional

pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

93.   LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted

with full knowledge of the law.

94.   PLAINTIFF is entitled to the maximum amount allowable under this law.

**AS A *SECOND* CAUSE OF ACTION FOR RETALIATION**
**UNDER TITLE VII**
**(*Against Defendant LURE FISHBAR*)**

95.   PLAINTIFF repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

96.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides

that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because he
> has opposed any practice made an unlawful employment practice
> by this subchapter, or because he has made a charge, testified,
> assisted or participated in any manner in an investigation,
> proceeding, or hearing under this subchapter.

97.   PLAINTIFF was retaliated against by LURE DEFENDANTS for engaging in protected activity.

98.   From the outset of PLAINTIFF'S application to DEFENDANT LURE FISHBAR, PLAINTIFF was discriminated against on the basis of PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

99.   PLAINTIFF complained to DEFENDANT LURE FISHBAR about the discriminatory comments and conduct towards PLAINTIFF by DEFENDANTS, RICHARDSON and DAWN, who retaliated against PLAINTIFF for PLAINTIFF'S complaints by not offering PLAINTIFF a position, by failing/refusing to hire PLAINTIFF, by attempting to thwart PLAINTIFF'S attempts to engage in protected activity and trying to prevent PLAINTIFF from speaking with HR.

100.  LURE DEFENDANTS had no valid business justification for the retaliatory actions taken against PLAINTIFF following PLAINTIFF'S engagement in protected activity.

101.  Because of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

102.  As a result of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary/pay, benefits, special damages and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

103.  LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

104.  PLAINTIFF is entitled to the maximum amount allowable under this law.

## AS A *THIRD* CAUSE OF ACTION FOR *DISCRIMINATION*
## UNDER NEW YORK STATE EXECUTIVE LAW

105.   PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

106.   New York State Executive Law §296 (1) provides that:

It shall be an unlawful discriminatory practice: (a) For an employer
or licensing agency, because of an individual's age, race, creed,
color, national origin, sexual orientation, **gender identity or
expression**, military status, **sex**, disability, predisposing genetic
characteristics, familial status, marital status, or status as a victim
of domestic violence, to refuse to hire or employ or to bar or to
discharge from employment such individual or to discriminate
against such individual in compensation or in terms, conditions or
privileges of employment.

107.   PLAINTIFF was the victim of ongoing discrimination and other acts by LURE

DEFENDANTS, based on PLAINTIFF'S Sex/Gender, Gender Identity, and Gender

Expression.

108.   PLAINTIFF, who is a Non-Binary Individual who does not identify with any gender, was

refused employment, humiliated, verbally abused and then retaliated against for engaging

in protected activities.

109.   But for the fact that PLAINTIFF is a Non-Binary Individual who does not identify with

any gender, LURE DEFENDANTS would have moved forward with PLAINTIFF'S

employment.

110.   Upon information and belief, LURE DEFENDANTS routinely hire individuals who

identify with a specific gender (more so the gender the individual was born with).

111.   PLAINTIFF complained of discrimination to LURE DEFENDANTS and then escalated

PLAINTIFF'S complaint to DEFENDANT LURE FISHBAR'S Human Resources

department. No action was taken by any DEFENDANT to prevent the wrongful

discrimination against PLAINTIFF.

112.   Instead, LURE DEFENDANTS, continued to retaliate against PLAINTIFF and refused

PLAINTIFF employment.

113.   LURE DEFENDANTS had no good faith business justification for any of their actions

alleged herein.

114.   As a result of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated,

degraded, victimized, embarrassed, and emotionally distressed.

115.   Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of

income, the loss of a salary, loss of employment, loss of employment opportunities,

special damages, loss of benefits, inconvenience and other compensation, which such

employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional

pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

116.   LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted

with full knowledge of the law.

117.   PLAINTIFF is entitled to the maximum amount allowable under this law.

## AS A *FOURTH* CAUSE OF ACTION FOR *RETALIATION* UNDER NEW YORK STATE EXECUTIVE LAW

118.   PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

119.   New York State Executive Law §296 (1) provides that, it shall be an unlawful

discriminatory practice:

> (a) For an employer or licensing agency, because of an
> individual's age, race, creed, color, national origin, sexual
> orientation, **gender identity or expression**, military status,
> **sex**, disability, predisposing genetic characteristics, familial
> status, marital status, or status as a victim of domestic

> violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

120. PLAINTIFF was retaliated against by LURE DEFENDANTS for engaging in protected activity.

121. From the outset of PLAINTIFF'S application to DEFENDANT LURE FISHBAR, PLAINTIFF was discriminated against on the basis of PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

122. PLAINTIFF complained to DEFENDANT LURE FISHBAR about the discriminatory comments, treatment and conduct faced by PLAINTIFF at the hands of DEFENDANTS, RICHARDSON and DAWN.

123. DEFENDANTS then retaliated against PLAINTIFF by not offering PLAINTIFF a position, by failing/refusing to hire PLAINTIFF, by attempting to thwart PLAINTIFF'S attempts to engage in protected activity and trying to prevent PLAINTIFF from speaking with HR.

124. LURE DEFENDANTS had no valid business justification for the retaliatory actions taken against PLAINTIFF following PLAINTIFF'S engagement in protected activity.

125. Because of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

126. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary/pay, benefits, special damages and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

127.    LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

128.    PLAINTIFF is entitled to the maximum amount allowable under this law.

**AS A *FIFTH* CAUSE OF ACTION**
**FOR *DISCRIMINATION & RETALIATION***
**UNDER NEW YORK STATE EXECUTIVE LAW - *AIDER AND ABETTOR LIABILITY***
*(As and Against Individual Defendants)*

129.    PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

130.    New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to **aid, abet**, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

131.    INDIVIDUAL DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory and retaliatory conduct.

132.    INDIVIDUAL DEFENDANTS are liable for aiding and abetting DEFENDANT LURE FISHBAR in the discrimination and wrongful retaliation faced by PLAINTIFF.

133.    INDIVIDUAL DEFENDANTS were personally involved in the discriminatory and retaliatory actions against PLAINTIFF.

134.    INDIVIDUAL DEFENDANTS, who were responsible for hiring at DEFENDANT LURE FISHBAR, utilized their power, position, status, and authority to subject PLAINTIFF to discriminatory hiring practices.

135.    But for INDIVIDUAL DEFENDANTS' status at DEFENDANT LURE FISHBAR, INDIVIDUAL DEFENDANTS would not have been able to discriminate/retaliate against PLAINTIFF.

136.   PLAINTIFF complained to DEFENDANT LURE FISHBAR about the wrongful discriminatory treatment PLAINTIFF faced at the hands of INDIVIDUAL DEFENDANTS.

137.   LURE DEFENDANTS then proceeded to retaliate against PLAINTIFF.

138.   As a result of LURE DEFENDANTS' actions, or lack thereof, PLAINTIFF'S complaints were futile.

139.   Collectively and individually, INDIVIDUAL DEFENDANTS aided and abetted DEFENDANT LURE FISHBAR in the unlawful practices against PLAINTIFF as asserted herein.

140.   Because of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

141.   As a result of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary/pay, benefits, special damages and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

142.   LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

143.   PLAINTIFF is entitled to the maximum amount allowable under this law.

**AS AN *SIXTH* CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

144.   PLAINTIFF repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

145.   The New York City Administrative Code § 8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

146.  LURE DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against PLAINTIFF because of PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

147.  PLAINTIFF was the victim of ongoing discrimination and other acts by LURE DEFENDANTS, based on PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

148.  PLAINTIFF, who is a Non-Binary Individual who does not identify with any gender, was refused employment, humiliated, verbally abused and then retaliated against for engaging in protected activities.

149.  But for the fact that PLAINTIFF is a Non-Binary Individual who does not identify with any gender, LURE DEFENDANTS would have moved forward with PLAINTIFF'S employment.

150.  Upon information and belief, LURE DEFENDANTS routinely hire individuals who identify with a specific gender (more so the gender the individual was born with).

151.  PLAINTIFF complained of discrimination to INDIVIDUAL DEFENDANTS and then escalated PLAINTIFF'S complaint to DEFENDANT LURE FISHBAR'S Human Resources department. No action was taken by any LURE DEFENDANT to prevent the wrongful discrimination against PLAINTIFF.

152. Instead, LURE DEFENDANTS, continued to retaliate against PLAINTIFF and refused PLAINTIFF employment.

153. LURE DEFENDANTS had no good faith business justification for any of their actions alleged herein.

154. DEFENDANT LURE FISHBAR is vicariously liable for the actions of its managers and supervisors against PLAINTIFF herein.

155. DEFENDANT LURE FISHBAR, through its supervisor INDIVIDUAL DEFENDANTS, was aware and/or made aware of the discriminatory interview questions against PLAINTIFF.

156. DEFENDANT LURE FISHBAR took no action against INDIVIDUAL DEFENDANTS, but failed to employ PLAINTIFF.

157. DEFENDANT LURE FISHBAR supported, condoned and ratified the discriminatory and retaliatory actions of its manager, INDIVIDUAL DEFENDANTS.

158. DEFENDANT LURE FISHBAR is therefore vicariously liable for allowing its employees, staff, supervisors, managers and/or representatives who discriminated against PLAINTIFF and retaliating against PLAINTIFF for complaining.

159. As a result of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

160. Because of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary, special damages, loss of benefits, inconvenience and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

161.   LURE DEFENDANTS' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

162.   PLAINTIFF is entitled to the maximum amount allowable under this law.

### AS AN *SEVENTH* CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

163.   PLAINTIFF repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

164.   The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

165.   LURE DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating/retaliating against PLAINTIFF because of PLAINTIFF'S opposition to the unlawful employment practices of LURE DEFENDANTS.

166.   As alleged above, PLAINTIFF suffered an adverse employment, retaliation after engaging in protected activity and/or after making a complaint of discrimination based on PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression against INDIVIDUAL DEFENDANTS.

167.   PLAINTIFF was retaliated against by LURE DEFENDANTS for engaging in protected activity.

168.   From the outset of PLAINTIFF'S application to DEFENDANT LURE FISHBAR, PLAINTIFF was discriminated against on the basis of PLAINTIFF'S Sex/Gender, Gender Identity, and Gender Expression.

169.   PLAINTIFF complained to DEFENDANT LURE FISHBAR about the discriminatory

comments and conduct towards PLAINTIFF by DEFENDANTS, RICHARDSON and DAWN.

170. DEFENDANTS retaliated against PLAINTIFF for PLAINTIFF'S complaints by refusing to offer PLAINTIFF a position, by failing/refusing to hire PLAINTIFF, by refusing to continue the job interview of PLAINTIFF, by attempting to thwart PLAINTIFF'S attempts to engage in protected activity and trying to prevent PLAINTIFF from speaking with HR.

171. LURE DEFENDANTS had no valid business justification for the retaliatory actions taken against PLAINTIFF following PLAINTIFF'S engagement in protected activity.

172. Because of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

173. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary/pay, benefits, special damages and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

174. LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

175. PLAINTIFF is entitled to the maximum amount allowable under this law.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR *DISCRIMINATION & RETALIATION***
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
***(As for Individual Defendants)***

176. PLAINTIFF repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

177.   The <u>New York City Administrative Code §</u> 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to **aid, abet**, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

178.   INDIVIDUAL DEFENDANTS are liable for aiding and abetting DEFENDANT LURE FISHBAR in the discrimination and wrongful retaliation faced by PLAINTIFF.

179.   INDIVIDUAL DEFENDANTS were personally involved in the discriminatory and retaliatory actions against PLAINTIFF.

180.   INDIVIDUAL DEFENDANTS, who was responsible for hiring at DEFENDANT LURE FISHBAR, utilized their power, position, status, and authority to subject PLAINTIFF to discriminatory hiring practices.

181.   But for INDIVIDUAL DEFENDANTS' status at DEFENDANT LURE FISHBAR, INDIVIDUAL DEFENDANTS would not have been able to discriminate/retaliate against PLAINTIFF.

182.   PLAINTIFF complained to DEFENDANT LURE FISHBAR about the wrongful discriminatory treatment PLAINTIFF faced at the hands of INDIVIDUAL DEFENDANTS.

183.   LURE DEFENDANTS then proceeded to retaliate against PLAINTIFF.

184.   As a result of LURE DEFENDANTS' actions, or lack thereof, PLAINTIFF'S complaints were futile.

185.   Collectively and individually, INDIVIDUAL DEFENDANTS aided and abetted DEFENDANT LURE FISHBAR in the unlawful practices against PLAINTIFF as asserted herein.

186.   Because of LURE DEFENDANTS' actions, PLAINTIFF was extremely humiliated,

degraded, victimized, embarrassed, and emotionally distressed.

187.   As a result of the acts and conduct complained of herein, PLAINTIFF has suffered a loss of income, loss of employment, loss of employment opportunities, the loss of a salary/pay, benefits, special damages and other compensation, which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

188.   LURE DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

189.   PLAINTIFF is entitled to the maximum amount allowable under this law.

## **PUNITIVE DAMAGES ARE APPROPRIATE**

190.   PUNITIVE damages are appropriate against LURE DEFENDANTS (individually and collectively) because their actions were willful, malicious, and committed with reckless disregard for the rights of PLAINTIFF.

## **JURY DEMAND**

191.   PLAINTIFF requests a jury trial on all issues to be tried.

**WHEREFORE**, PLAINTIFF respectfully requests a judgment against LURE DEFENDANTS:

A.   Declaring that LURE DEFENDANTS engaged in unlawful employment practices prohibited Title VII, the NYSHRL, and the NYCHRL in that LURE DEFENDANTS discriminated and/or retaliated against PLAINTIFF for complaining of discrimination and objecting to LURE DEFENDANTS' unlawful actions against PLAINTIFF;

B.   Awarding damages to PLAINTIFF for all lost wages and benefits resulting from LURE DEFENDANTS' unlawful discrimination and retaliation and to otherwise

make PLAINTIFF whole for any losses suffered as a result of such unlawful employment practices;

C.   Awarding PLAINTIFF compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to PLAINTIFF'S reputation in an amount to be proven;

D.   Awarding PLAINTIFF punitive damages against the LURE DEFENDANTS;

E.   Awarding PLAINTIFF attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.   Awarding PLAINTIFF such other and further relief as the Court may deem equitable, just and proper to remedy LURE DEFENDANTS' unlawful employment practices.

Dated: New York, New York
January 19, 2023

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By:   _____

Gregory Calliste, Jr., Esq.
Alexandria Jean-Pierre, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248 - 7431
F: (212) 901 - 2107
gcalliste@tpglaws.com
ajean-pierre@tpglaws.com

# Exhibit A

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Engels Coca<br>c/o Phillips & Associates PLLC 45 Broadway, Suite 430<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| EEOC Charge No.<br>520-2022-05151 | EEOC Representative<br>Michael Woo,<br>Investigator | Telephone No.<br>929-506-5348 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Timothy Riera
12/02/2022

Enclosures(s)

**Timothy Riera**
**Acting District Director**

cc:  **Anthony A LoPresti**
Lopresti, PLLC
55 Broadway 3rd Floor
New York, NY 10006

Ana Taylor
45 Broadway Suite 430
MANHATTAN, NY 10006
Gregory Calliste
gcalliste@tpglaws.com